

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-85,165-03

### EX PARTE ROY EUGENE USSERY, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1459846-A IN THE 338th DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of aggravated sexual assault of a child and sentenced to thirty-five years' imprisonment. The First Court of Appeals affirmed his conviction. *Ussery v. State*, 596 S.W.3d 277 (Tex. App.—Houston [1st Dist.] 2019). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contended, among other things, that trial counsel was ineffective because he failed to properly advise Applicant; failed to assert Applicant's speedy trial claim earlier and accurately; and failed to object to improper statements made by the prosecutor during closing arguments. This Court remanded these claims to the trial court so that it could obtain an affidavit from trial counsel

and make findings of fact and conclusions of law.

According to the two supplemental records forwarded to this Court, the trial court has adopted two, contradictory proposed findings of fact and conclusion of law. On March 28, 2022, the trial judge signed Applicant's proposed findings of fact and conclusions of law, which find trial counsel ineffective and recommends relief be granted. Then, on April 19, 2022, the trial judge signed the State's proposed findings of fact and conclusions of law, which find that Applicant has not shown that counsel was ineffective and recommends relief be denied. The record remains unclear as to exactly which set of findings the trial court intended to adopt and be reviewed by this Court.

Due to this ambiguity, the Court remands this application back to the trial court to enter additional findings of fact and conclusions of law indicating which findings of fact and conclusions of law it is adopting. The trial court shall also enter any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim.

The trial court shall make additional findings of fact and conclusions of law within thirty days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's additional findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed:                                                   June 8th, 2022
Do not publish